# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CORD HARRIS** (2011-1230206), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 0821 |
| **OFFICER ODEA**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On January 29, 2015 this court dismissed two suits previously filed by plaintiff Cord Harris ("Harris"), finding that he had engaged in a fraud on the court. In those cases, both filed in December 2014, Harris sought to invoke the special in forma pauperis ("IFP") status that Congress has created for prisoner plaintiffs in 28 U.S.C. § 1915 ("Section 1915"), in each instance utilizing the In Forma Pauperis Application ("Application") form provided by this District Court Clerk's Office for that purpose.

This Court found in its January 29 order that Harris had provided false information and was gaming the system in a way that distorts Section 1915's purpose. Although Harris represented in his November 20, 2014 Application that he had not received more than $200 in funds over the preceding 12 months from any of the numerous categories listed in the Application, including the catchall category "any other source," his trust fund account reflects a $3,000 deposit in February2014. This Court also found that Harris had made quick withdrawals of most of that $3,000 by writing checks to a "friend" or "friends," who in turn later redeposited those funds into his account over the next several months -- redeposits that Harris promptly

expended on commissary items well before he filed his lawsuits in December 2014.

That same fraud is evident from Harris' Application in this case. Indeed, though Harris' complaint is grounded on an asserted attack on Harris by a fellow prisoner in November 2014, he did not file suit until January 26, 2015 -- at a time when his trust fund account balance (in consequence of the just-described pattern of deposits followed by commissary expenditures that exhausted the account) had again been reduced to $0.

It is exceedingly clear that in reality Harris' arrangement with his "friend" or "friends" was one in which the funds were and remain Harris', with that person or those persons acting as sort of an interim repository holding the funds for him. And that means that Harris' qualification or disqualification for IFP status must be viewed in that light. Section 1915(e)(2)(A) specifically provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue.

In every real world sense, Harris' allegation of poverty reflected in his Applications is untrue. If, as certainly appears to be the case, he should have recognized his propensity to be a frequent litigator, he should at least have set aside some meaningful portion of that multi-thousand dollar deposit to be able to meet his anticipated responsibilities.[1]

Hence this case is dismissed, albeit without prejudice, and Harris' Application (Dkt. 3) is denied. Nothing said here has either made or implied a ruling as to the substantive viability of Harris' claim in this action, and this Court has no desire to deprive him of any claimed

---

[1] Is that really any different from the responsible squirrel's storing acorns to protect against the upcoming winter?

constitutional rights, so that he remains free to reassert his claim in a fee-paid new lawsuit.  In that respect it is noteworthy that Harris still has constitutional Case Nos. 13 C 801 and 13 C 5470 pending, in each of which cases he is represented by counsel who are pursuing his claims on his behalf.

_____
Milton I. Shadur
Senior United States District Court Judge

Date:  February 25, 2015